## Fourth Department, November, 1916.

Mary E. Moore, Respondent, v. The Mohican Company, Appellant.

Appeal from a judgment of the Supreme Court, entered in the Erie county clerk's office on the 17th day of April, 1916, in favor of the plaintiff, and also from an order entered on the same day denying the defendant's motion for a new trial.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that it was the law of the case as charged by the court that plaintiff was not entitled to recover for the oily condition of defendant's floors, unless she satisfied the jury that there was a pool or unnecessary accumulation of oil at the place where she slipped differing in that respect from the general condition of the floor. The verdict for the plaintiff necessarily implies that there was such a pool or accumulation. We think this verdict is against the weight of the evidence. All concurred, except Kruse, P. J., who dissented in a memorandum.

Kruse, P. J. (dissenting): I dissent. I think the case was submitted to the jury upon too narrow a ground, but even at that it seems to me there is evidence to sustain the verdict. It does not seem useful to send the case back simply on the ground that it is against the weight of the evidence. There is abundant proof to show that the floor was not oiled in the usual way, but in a manner to make it unusually slippery, causing people to fall, as was shown by the evidence of actual occurrences. I vote for affirmance.

George Murray Brown and Another, as Executors, etc., Appellants, v. Cornelius Sullivan, Respondent.— Judgment of County Court and judgment of Justice's Court reversed, with costs. Held, that the trial of the cause in Justice's Court having been duly adjourned to February 21, 1913, the attempted further adjournment on the day preceding that to which it had been thus regularly adjourned, to March 8, 1913, was ineffective, and the justice having failed to appear upon the date to which the cause had been regularly adjourned, lost jurisdiction of the action. We do not pass upon the question as to whether or not this court or the County Court has power to fix a new date for the new trial. All concurred, except Kruse, P. J., and Lambert, J., who dissented.

John Lally, Respondent, v. Martin S. Mindnich, Appellant.— Judgment and order of County Court and judgment of Justice's Court reversed, and a new trial granted in the County Court, with costs to the appellant to abide the event. Held, that the trial court erroneously rejected testimony offered on the part of the defendant to show plaintiff's inability to perform the services for which he was originally employed. 2. That the verdict of the jury is clearly against the weight of the evidence. All concurred, except Kruse, P. J., and De Angelis, J., who dissented.